UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRANDY SELLITTO-TAYLOR

V.                                                    D.N. 3:20 cv 162(___)

MCLEAN AFFILIATES, INC.                    FEBRUARY 4, 2020

## COMPLAINT

### I.  Parties

1.  The Plaintiff, Brandy Sellitto-Taylor is a resident of Weatogue, Connecticut.  She is a
member of a protected class as she is female.

2.   The Defendant is McLean Affiliates, Inc. ("McLean").  McLean has a business address at 75
Great Pond Road, Simsbury, Connecticut.  McLean employs in excess of fifteen employees.
McLean is a corporation governed under the laws of the State of Connecticut.

### II.  Jurisdiction, Venue and Equitable Relief

3.  This action against McLean arises under Title VII of the Civil Rights Act of 1964 as
amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991 ("Title VII").  It also arises
under Connecticut General Statutes Sections 46a-60(a)(1).  This Honorable Court has

1

jurisdiction over this action pursuant to 42 U.S.C. Section 2000e-5(f).  Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g) and the Civil Rights Act.

4. The Plaintiff has exhausted the administrative remedies made available to her by filing her claims with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") Docket Number 191 0020 and the Equal Employment Opportunities Commission ("EEOC") Docket Number 16A 2018 01801 and then requesting a release of jurisdiction which she received from the CCHRO on January 22, 2020 (attached).  The CCHRO had made a probable cause finding regarding discrimination as against the Defendant.

5. Venue is proper in this District and Division pursuant to 42 U.S.C. Section 2000e-5(f)(3) because a substantial part of the events giving rise to Plaintiff's claim arose here and one or more of the breaches of which Plaintiff complains occurred here.

**III. Statement of Facts**:

6. The Plaintiff is a female who began working for McLean located in Simsbury Connecticut in November, 2017 as a MOW Utility Driver.  She was hired in a part time position.

7. Throughout her employment with McLean she had an exemplary work record.

8. In December, 2017, Keith Woerlen, a chef at McLean's facility in Simsbury, Connecticut began to sexually harass the Plaintiff.  Mr. Woerlen sent her text messages saying that he wanted to have a relationship with her as more than just friends.  The Plaintiff told him she

was not interested in a relationship and Mr. Woerlen began to send angry text messages insisting that the Plaintiff give him a chance.

9.  On January 11, 2018, the Plaintiff became ill and communicated to Mr. Woerlen that she would not be returning to work the next day.  Mr. Woerlen offered to monitor her car parked on the Defendant's premises while she recovered.

10.  On January 13, 2018, the Plaintiff informed Mr. Woerlen that she was feeling better and would be returning to work.  She asked Mr. Woerlen to leave the keys to her car in the cup holder of the car so she could access her car once she returned.  Mr. Woerlen agreed to do this favor but then went further by buying the Plaintiff a key ring worth approximately $350.00 and two specialty motorcycle magazines.

11.  On January 15, 2018, the Plaintiff returned the gifts to Mr. Woerlen.  Mr. Woerlen was angry and confronted the Plaintiff in the basement of the Defendant's premises screaming in her face telling her she would "regret it."  The Plaintiff was scared and traumatized by Mr. Woerlen's strange behavior and she was concerned for her safety.

12.  On January 16, 2018, the Plaintiff complained to Bonnie Ku, VP of Human Resources about the sexual harassment she was enduring at the hands of Mr. Woerlen and told Ms. Ku that Mr. Woerlen verbally assaulted her in the basement of Defendant's premises.  The Plaintiff

also complained to Jody Smith in Human Resources about the harassment at the hands of Mr. Woerlen.

13. Ms. Ku and Ms. Smith refused to investigate the Plaintiff's complaint.  Ms. Ku told the Plaintiff that her complaint was for the police to investigate.  The Plaintiff asked Ms. Ku to talk to Mr. Woerlen in person but Ms. Ku refused to talk with Mr. Woerlen.  The Plaintiff then told Ms. Ku that she could not report to work if she did not put an end to the harassment. Ms. Ku told the Plaintiff that if the Plaintiff was not reporting to work she was going to consider that the Plaintiff was quitting her job.

14. The Plaintiff told Jody Smith at this same time that she did not want to leave my position with the Defendant but she was scared of Mr. Woerlen.  Ms. Smith did not take any action which would have permitted the Plaintiff to keep her position.

15. The Defendant and the Defendant's employees were aware prior to these incidents that Mr. Woerlen had anger issues, was unstable and was a danger to women working with him.

16. Neither Ms. Ku or Ms. Smith did any follow up investigation as to the Plaintiff's claims of harassment at the hands of Mr. Woerlen and Mr. Woerlen was not disciplined for his actions.

17. Mr. Woerlen continued to send the Plaintiff text messages up until July 11, 2018 despite the Plaintiff's complaints to Ms. Ku that she was scared and traumatized by Mr. Woerlen's

behavior and concerned for her safety.  The Plaintiff eventually had to contact the Simsbury police to get Mr. Woerlen to stop harassing her.

18. McLean discriminated against the Plaintiff on the basis of her gender, by not taking her claims seriously, not conducting a full investigation, not speaking to all of the parties involved, failing to follow its own written procedures regarding harassment, making no attempt to provide for her safety, treating Mr. Woerlen more favorable than herself based upon his gender and forcing her to leave her position with the Defendant because of their failure to take action.

19. McLean created a hostile work environment by not taking her claims seriously, not conducting a full investigation, not speaking to all of the parties involved, failing to follow its own written procedures regarding harassment, making no attempt to provide for her safety, treating Mr. Woerlen more favorable than herself based upon his gender and forcing her to leave her position with the Defendant because of their failure to take action.

**IV. Count One: Violations of Title VII of the Civil Rights Act of 1964 as Amended, 42 U.S.C. Section 2000e et seq.**

20. The Defendant violated the provisions of Title VII of the Civil Rights Act of 1964 as Amended, Section 2000e et seq., because it discriminated against the Plaintiff on account of her sex and by permitting a hostile work environment.

**V. Count Two: Violation of Connecticut General Statutes Section 46a-60**:

21. The Defendant violated the provisions of Connecticut General Statutes Section 46a-60 because it discriminated against the Plaintiff on the basis of her sex and by permitting a hostile work environment.

**VI. Damages/Prayer for Relief**:

22. As a result of the Defendant's unequal treatment and discriminatory treatment of the Plaintiff, the Plaintiff has suffered financial and emotionally. Her career path has been forever altered negatively and she has lost opportunities for promotion and she has suffered emotional distress as a result of the intentional discrimination.

23. As to all Counts, the Plaintiff prays for the following:

    a. Compensatory Damages;

b.  Emotional Distress Damages;

c.  Economic Damages;

d.  Equitable Damages;

e.  Attorney's Fees and Costs;

f.  Punitive Damages;

g.  All Other Damages Available.

THE PLAINTIFF:

By:___/s/ Daniel H. Kryzanski ct 15620
        Daniel H. Kryzanski, Esq.
        Law Offices of Daniel H. Kryzanski
        30 Ferry Blvd. #2
        Stratford, CT 06615
        Phone: (203) 380-1384
        Fax: (203) 380-1598
        Juris #: 408785