UNITED STATES DISTRICT COURT
DISCTRICT OF CONNECTICUT

| | |
|---|---|
| **BRANDY SELLITTO-TAYLOR,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MCLEAN AFFILIATES, INC.,**<br><br>**Defendant.** | Case No. 3:20-cv-00162 (CSH)<br><br>**March 12, 2021** |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO COMPEL DISCOVERY

**HAIGHT, Senior District Judge:**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant McLean Affiliates, Inc. ("Defendant") has filed a motion to compel Plaintiff Brandy Sellitto-Taylor ("Plaintiff") to produce documents and information in response to Defendant's First Requests for Production (the "RFPs"), as well as to provide adequate responses to certain of Defendant's First Set of Interrogatories (the "Interrogatories") [Doc. 13]. Defendant filed the instant motion on November 18, 2020. Plaintiff did not respond to the motion with any papers in opposition, and the motion is ripe for ruling. For the reasons set forth below, Defendant's motion is GRANTED, insofar as Defendant seeks Plaintiff's full and complete responses to Defendant's RFPs and the Interrogatories. Furthermore, the Court perceives the need to modify the Scheduling Order in this action to account for Plaintiff's delay in meeting her obligations, and accordingly enters a revised Scheduling Order, *infra*.

### Background

The factual background of this case, derived from the pleadings, is as follows.

Plaintiff, a Meals on Wheels driver formerly employed by Defendant, alleges that she was subject to sexual harassment by co-worker Keith Woerlen ("Woerlen") at Defendant's Simsbury, Connecticut facility, beginning in December 2017. Compl. [Doc. 1] ¶¶ 6, 8.[1] Plaintiff further alleges that she complained to Bonnie Ku, Defendant's Vice President of Human Resources ("Ku"), and Jody Smith, another Human Resources employee ("Smith"), in January 2018 about the sexual harassment she had been experiencing. Compl. ¶ 12. Plaintiff claims that Ku and Smith refused to investigate or to take other action to address her harassment complaint, and that Woerlen was not subject to discipline for his harassing conduct. *Id*. ¶¶ 13–16. Although Plaintiff's Complaint is vague on the point, Plaintiff appears to have left Defendant's employ around the time she raised her harassment complaint with Ku and Smith. *Id*. ¶ 13–14.

Following the Connecticut Commission on Human Rights and Opportunities' ("CCHRO") release of jurisdiction [Doc. 1-2], Plaintiff filed suit in this Court, asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Connecticut General Statutes § 46a-60 for Defendant's alleged discriminatory actions on the basis of Plaintiff's sex and its purported fostering of a hostile work environment. Compl. ¶¶ 18–21. Defendant answered the Complaint on April 20, 2020 [Doc. 11]. The Parties submitted their Rule 26(f) Report [Doc. 9] on April 13, 2020, and the Court entered an Electronic Scheduling Order (the "Scheduling Order") for this case [Doc. 10] on April 15, 2020. Under the terms of the Scheduling Order, all discovery was to be completed by December 31, 2020. *See* Doc. 10.

Seven months after the Court entered the Scheduling Order, and just over a month before the close of discovery, Defendant filed the instant motion. Defendant states that it served its Interrogatories and the RFPs on Plaintiff on April 30, 2020, shortly after the entry of the

---

[1] Plaintiff states that she was "a MOW Utility Driver." Compl. ¶ 6. By way of its answer, Defendant clarifies that Plaintiff's job title was "Meals on Wheels Assistant." Answer [Doc. 11] ¶ 6.

2

Scheduling Order. Mot. at 1; Mem. [Doc. 13-1] at 1; Decl. [Doc. 13-11] ¶ 3. Defendant has provided the Court with copies of the two sets of requests. *See* Ex. A [Doc. 13-2] (Defendant's Interrogatories); *and see* Ex. B [Doc. 13-3] (Defendant's RFPs). Thereafter, despite Defendant's counsel's repeated calls and correspondence with Plaintiff's counsel, no responses to the Interrogatories or the RFPs were forthcoming, although Plaintiff's counsel from time to time indicated that responses would be provided. Mem at 1–2; Exs. C, D, E, F, G [Docs. 13-4, 13-5, 13-6, 13-7, 13-8]; *see also* Decl. ¶¶ 4–10. Finally, on October 5, 2020, Plaintiff supplied answers to Defendant's Interrogatories. *See* Ex. H [Doc. 13-9].

On October 7, 2020 Defendant's counsel sent Plaintiff's counsel a letter detailing the deficiencies in Plaintiff's responses to the Interrogatories. *See* Ex. I [Doc. 13-10]. Plaintiff did not respond to that letter. Plaintiff has not supplied any supplemental answers to the Interrogatories, nor has she produced any materials responsive to the RFPs. Mem. at 3.

Plaintiff filed no papers opposing Defendant's motion during the time allowed under this District's rules.[2] Defendant's motion became ripe for ruling on December 23, 2020—*i.e.*, one week before the Scheduling Order's discovery cut-off. Given the close of discovery, the Court subsequently ordered [Doc. 14] that the Parties submit a joint status report describing the current status of the dispute underlying Defendant's motion, including whether this Court's intervention remained necessary. The Parties submitted their status report [Doc. 15] on February 9, 2021, in accordance with the Court's direction. In the status report, Plaintiff's counsel states that "The undersigned has provided all documents in his possession to the Defendant. If there are additional documents that are responsive they will be provided." Status Rep. at 1. Defendant represents, however, that Plaintiff still has not produced documents and information responsive to

---

[2] *See* D. Conn. L. Civ. R. 7(a)(2) ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion. . . .").

3

the RFPs, and that no supplemental responses to the Interrogatories have been served. *Id*. Furthermore, "Despite the lack of adequate discovery responses, Defendant requested that Plaintiff sit for a deposition, and Defendant then completed that deposition. In her deposition, Plaintiff confirmed that she has documents that are responsive to the requests for production." *Id*. Accordingly, the Parties' dispute remains alive and requires this Court's ruling.

## Legal Standard and Discussion

The scope of discovery afforded to litigants under the Federal Rules of Civil Procedure is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Discovery may proceed by various means, including interrogatories and requests for production of documents and electronically stored information. *See* Fed. R. Civ. P 33; Fed. R. Civ. P. 34. Where a party has failed to answer an interrogatory, or has failed to produce documents, or has submitted responses to discovery requests that are evasive or incomplete, and the party opponent in good faith has attempted to resolve the party's failures without court intervention, the party opponent may move to compel the party's response. *See* Fed. R. Civ. P. 37(a). Under this District's Local Rules, a party's "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion." D. Conn. L. Civ. R. 7(a)(2).

The Court possesses wide discretion in resolving all discovery disputes. *Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) ("Motions to compel, pursuant to Rule 37, are left to the sound discretion of the court."); *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 93 (D. Conn. 2012) ("In general, a 'district court has broad discretion to direct and manage the pre-trial discovery process,' and its discovery rulings are reviewed only 'for abuse of discretion.'") (quoting and citing *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004)).

In the case at the bar, Defendant's exhibits and sworn declaration accompanying Defendant's motion amply attest that Plaintiff has not produced any documents, electronically stored information, or other materials in response to Defendant's RFPs, notwithstanding Plaintiff's belated and conclusory statement to the contrary in the Parties' status report. Furthermore, Plaintiff never served written responses and objections to the RFPs in a manner consistent with Rule 34. *See* Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). Given Plaintiff's failure to respond to the RFPs, after the passage of so much time and Defendant's repeated requests that Plaintiff comply with Plaintiff's discovery obligations, the Court deems any and all objections by Plaintiff to the RFPs to be WAIVED. *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163–64 (S.D.N.Y. 2011) (holding defendant's objections to discovery requests waived where responses were served over four months late and plaintiff had made "persistent and exhaustive efforts to prompt the defendant to respond"); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (holding that objections to interrogatories and requests for production on basis of attorney-client privilege and attorney work-product protection were waived where plaintiff's objections were 22 days late, plaintiff did not produce a privilege log to perfect privilege claims, and plaintiff did not show good cause why its untimely objections should be excused).

Since Plaintiff has not opposed the motion to compel Plaintiff's responses to the RFPs, Defendant's motion will be GRANTED, in accordance with Local Rule 7(a)(2). As this Court noted in a case presenting similar circumstances, "Plaintiff has . . . completely failed to bear the

5

burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Komondy v. Gioco*, No. 3:12-cv-250 (CSH), 2015 WL 917867, at *4 (quoting and citing *Sullivan v. StratMar Systems, Inc.*, 276 F.R.D. 17, 19 (D. Conn. 2011)) (quotation marks and emendations omitted).

Unlike the RFPs, Plaintiff *has* provided Defendant with answers to the Interrogatories. *See generally* Ex. H. Nevertheless, the Court agrees with Defendant that those answers—served long after the original time for compliance, and Defendant's extensions thereto, had passed—are insufficient. For example, in response to Interrogatory 3, Plaintiff briefly lists the names of other employees of Defendant with whom she communicated regarding the facts underlying her complaint, and among these people are certain partially-named individuals ("Billy, Paul, Eric, Taylor . . .") who are unknown from Plaintiff's complaint and whose potential knowledge is unclear, without Plaintiff's supplying the details requested in the interrogatory. Mem. at 4–5; Ex. H at 2.

For several other interrogatories—including Interrogatory 7, which requests that Plaintiff "[s]tate with particularity all facts upon which you base your allegations of sexual harassment by [Woerlen]"—Plaintiff generically references a document that appears to be part of the CCHRO file related to this matter. Mem. at 5; Ex. H at 3–4. Even if this document were part of the record of this case—which, to all appearances, it is not—these cross references would not be sufficient for Plaintiff to fulfill her obligations in responding to the Interrogatories: "Answers to interrogatories that incorporate other documents by reference are strongly disfavored. Reference to depositions, other answers to the interrogatories, other document production, the complaint

itself, or any other documents are improper and thus unresponsive." *Trueman v. N.Y. State Canal Corp.*, Civ. No. 1:09-cv-049 (LEK/RFT), 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010); *see also Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) ("Because Rule 33(b)[(3)] requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories.").

Notwithstanding Defendant's October 7 letter to Plaintiff regarding the insufficient nature of these and other of Plaintiff's interrogatory responses, *see generally* Ex. I, Plaintiff neither responded to the letter nor did she serve any responses supplementing or expanding upon the deficient answers. Decl. ¶ 14. By its motion, Defendant requests that this Court compel complete responses to Interrogatory Nos. 3, 7–17, 20–21, and 23–24. Mem at 4–6. With the time for Plaintiff's objections to Defendant's Interrogatories long since passed, *see* Fed. R. Civ. P. 33(b)(2)–(4), and in light of Plaintiff's failure to respond to the instant motion, the Court accordingly finds any and all objections to the Interrogatories to be WAIVED under the express terms of Rule 33 and furthermore GRANTS Defendant's motion for want of any opposition by Plaintiff.

## Conclusion and Order

For the reasons set forth above, Defendant's motion to compel is GRANTED, to the extent that it seeks to compel Plaintiff to fully answer Interrogatories 3, 7–17, 20–21, and 23–24, and produce materials responsive to the RFPs.

The Order contained herein is intended to put an end to cavalier attitude with which Plaintiff and Plaintiff's counsel appear to have approached their discovery obligations in this case.

In addition, it is apparent from the joint status report that Defendant conducted a deposition of Plaintiff, which took place on January 13, 2021—*i.e.*, *after* the close of discovery. Status Rep. at 1.  While this event was conducted with Plaintiff's apparent consent, Defendant never sought this Court's leave to conduct discovery beyond the bounds originally provided, such as though a motion to extend time.  Under the Federal Rules, the Parties are not to undertake discovery outside the limits set forth in the Court's Scheduling Order without *first* seeking the Court's permission to do so, upon a showing of good cause.  *Cf. Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, Civ. No. 3:17-cv-00973 (KAD), 2019 WL 7370367 (D. Conn. Apr. 8, 2019) (granting protective order against plaintiff's notices of deposition, where plaintiff "propounded discovery after the deadline notwithstanding the Court's [prior] ruling" denying extension of scheduling order); *Gilbert v. E.I. DuPont de Nemours & Co.*, Civ. No. 3:15-cv-00988 (AWT), 2016 WL 3211682 (D. Conn. June 9, 2016) (granting protective orders against plaintiff's requests to produce documents at depositions, where such requests, *inter alia*, served as an attempt to circumvent deadline for written discovery under scheduling order).  Defendant has shown itself capable of making an appropriate request to modify the schedule by way of its recent motion to extend the deadline for it to file a dispositive motion.  *See* Doc. 16 (requesting that this Court extend the deadline for dispositive motions in this matter to March 30, 2021, in light of the continuing dispute over Plaintiff's failure to produce documents and adequate responses to the Interrogatories).  Defendant did not do so with respect to the original discovery deadline.

Due to the unreasonable delays resulting from Plaintiff's non-compliance with the Scheduling Order, the Court will reopen the period allowed for completion of pre-trial discovery. *See W. World Ins. Co. v. Architectural Builders of Westport, LLC*, 247 F.R.D. 293, 296 (D. Conn. 2008) ("[T]he court can extend discovery deadlines whenever such an extension is warranted.").

For the foregoing reasons, the Court makes the following Order:

1. The time within which the parties must complete pre-trial discovery is REOPENED AND EXTENDED until such time as full compliance has been made with the additional production directed by this Order, and any further discovery generated by that production.

2. Plaintiff shall serve full responses to Defendant's RFPs and Interrogatories, in a manner compliant with this Ruling, not later than **April 23, 2021.**

3. All discovery, including any expert discovery, must be completed not later than **May 31, 2021.**

4. These deadlines are peremptory and will not be further extended or modified.

5. Dispositive motions must be made not later than **June 25, 2021.**

The Parties and counsel are directed to cooperate with one another in meeting these deadlines and completing discovery. Any failure to do so may be grounds for the imposition of sanctions, including the dismissal of this case. *See* Fed. R. Civ. P. 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v). In the alternative, further failure by Plaintiff to comply with her discovery obligations may provide an independent basis for this action's involuntary dismissal, for want of prosecution by Plaintiff. *See* Fed. R. Civ. P. 41(b); D. Conn. L. Civ. R. 41(a).

**It is SO ORDERED**.

Dated:    New Haven, Connecticut
          March 12, 2021

*s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge