**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **BRANDY SELLITTO-TAYLOR** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | **3:20-cv-00162 (CSH)** |
| | : | |
| **v.** | : | |
| | : | |
| **MCLEAN AFFILIATES, INC.** | : | |
| **Defendant** | : | **MAY 26, 2021** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS**

The defendant McLean Affiliates, Inc. ("McLean") hereby submits this Memorandum of Law in Support of Motion for Sanctions against Plaintiff Brandy Sellitto-Taylor for failure to respond to McLean's discovery requests and to comply with this Court's March 12, 2021 Order. In light of Plaintiff's continued noncompliance, Defendant respectfully requests that the Court grant the Motion for Sanctions and dismiss Plaintiff's complaint with prejudice and award reasonable attorneys' fees and costs for expenses incurred for Plaintiff's noncompliance with her discovery obligations, together with such other and further relief as this Court may deem just and proper.

## I. BACKGROUND

The Plaintiff filed this lawsuit on February 5, 2020. *See* ECF 1. In her complaint, Plaintiff alleged that Defendant discriminated against her on the basis sex and by permitting a hostile work environment. *See* ECF 1. Defendant denies any and all claims of discrimination. On April 30, 2020, Defendant's counsel emailed the Plaintiff's counsel with Defendant's First Set of Interrogatories and First Request for Production ("Requests"). *See* ECF 13. On May 1,

2020, Plaintiff's counsel indicated that "I will get responses back to you." *See* ECF 13, Exhibit C.

On June 17, 2020, Defendant's counsel emailed the Plaintiff's counsel to check in on the status of Plaintiff's responses to Defendant's discovery requests, as they were due on May 30th and Defendant had not received them. *See* ECF 13, Exhibit D. Shortly thereafter, Defendant's counsel received a voice message from Plaintiff's counsel. On July 17, 2020, Defendant's counsel again emailed Plaintiff's counsel about the status of the discovery requests. *See* ECF 13, Exhibit E.

In July and August of 2020, the parties had some settlement discussions in an attempt to resolve the matter. On September 2, 2020, Defendant' counsel emailed Plaintiff's counsel declining the most recent settlement offer made, and reminded Plaintiff's counsel that Defendant had yet to receive Plaintiff's discovery requests. *See* ECF 13, Exhibit F. Defendant's counsel extended the deadline for Plaintiff, and asked that responses be provided by September 18, 2020. *Id.*

On September 25, 2020, Defendant's counsel emailed Plaintiff's counsel reminding him that September 18, 2020, had passed, and that the discovery responses were due. Defendant's counsel indicated that he would give Plaintiff until October 1, 2020, to respond, or that the Defendant may seek intervention from the Court. *See* ECF 13, Exhibit G.

On or about September 28, 2020, Plaintiff's counsel left a message for the Defendant's counsel asking that he call him back regarding the present matter. The next day, counsel for the Defendant connected with Plaintiff's counsel and indicated that the Defendant was not interested in making a counteroffer at this time and that the Defendant expected that the

Plaintiff would provide responses to its discovery requests no later than October 1, 2020. *Id.* October 1, 2020 came and went without any response from the Plaintiff.

On October 5, 2020, Plaintiff's counsel emailed Plaintiff's "Answers to Defendant's First Set of Interrogatories to Plaintiff." *See* ECF 13, Exhibit H. Unfortunately, the responses provided were wholly insufficient, as the majority of the Plaintiff's responses simply directed the Defendant to Plaintiff's reply in the underlying CHRO matter. *Id.* Additionally, the Plaintiff failed to provide any responses, or produce any documents, to the Defendant's First Requests for Production. *Id*.

On October 7, 2020, counsel for the Defendant sent a letter to Plaintiff's counsel explaining the deficiencies in the Plaintiff's responses to the interrogatories and asking that the Plaintiff answer them in full. *See* ECF 13, Exhibit I. Defendant's counsel also requested that the Plaintiff provide responses to Defendant's First Requests for Production, which Plaintiff wholly failed to respond to in the first instance. *Id.*

On November 18, 2020, Defendant filed a Motion to Compel Responses to Discovery Requests. *See* ECF 13. On March 12, 2021, this Court granted the Defendant's Motion to Compel, ordering plaintiff to "serve full responses to Defendant's RFPs and Interrogatories, in a manner compliant with this Ruling, not later than **April 23, 2021**." ECF 18 (Emphasis in original). The Court cautioned the Plaintiff that any failure to comply with its order "may be grounds for the imposition of sanctions, including the dismissal of this case." *Id.* In the alternative, the Court made pellucid that "further failure by Plaintiff to comply with her discovery obligations may provide an independent basis for this action's involuntary dismissal, for want of prosecution by Plaintiff." *Id.*

On April 20, 2021, three days before the Plaintiff's responses were due, Defendant's counsel reminded Plaintiff's counsel of his client's obligation to comply with the Court's order and respond to the discovery requests. *See* Email chain, attached as Exhibit 1. In response to this reminder, Plaintiff's counsel asked defendant's counsel, "What do you feel is missing from the responses?". *Id.* Defendant's counsel directed Plaintiff to the October 2020 letter, which set forth the deficiencies in Plaintiff's discovery responses. Defendant's counsel also directed the Plaintiff to this Court's March 12, 2020 Order, which described the deficiencies in detail.

On April 26, 2021, Defendant's counsel informed the Plaintiff that the deadline to comply with the Court's order had lapsed. *Id.* In good faith, Defendant's counsel informed the Plaintiff that it would give her until Wednesday, April 28, 2021, to provide the requisite responses, or Defendant would have no choice but to seek relief from the Court. *Id.* Despite providing this reminder and additional time to respond, McLean has yet to receive any responses from the Plaintiff as ordered by this Court.

## II. THE COURT SHOULD SANCTION PLAINTIFF AND/OR PLAINTIFF'S COUNSEL FOR FAILING TO COMPLY WITH THE COURT'S MARCH 21, 2021 ORDER

Federal courts routinely sanction parties who fail to comply with a discovery order, which may include dismissing the action in its entirety. *See* Fed.R.Civ.P. 37(b)(2)(A)(v). Under Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party … fails to obey an order to provide or permit discovery, including an order under . . . 37(a), the court where the action is pending may issue further just orders." It is left "to the district court to determine which sanction from among the available range is appropriate." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989).

"Disciplinary sanctions under Rule 37 are intended to 'ensure that a party will not benefit from its own failure to comply,' to obtain specific compliance and 'to serve a general deterrent effect on the case at hand and on other litigation.' *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir.2010). In exercising its discretion to impose Rule 37 sanctions, the court is guided by the following factors: (1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions." *Kellogg v. J.C. Penney Corp.*, No. 3:11CV733 RNC, 2013 WL 308985, at *1 (D. Conn. Jan. 25, 2013).

Dismissal under Rule 37 may be justified by a showing of "willfulness, bad faith, or fault on the part of the sanctioned party," including "gross negligence" in following discovery orders. *See Southern New England Telephone Co. v. Global NAPs, Inc.*, 251 F.R.D. 82, 90 (D.Conn. 2008), aff'd, 624 F.3d 123 (2d Cir. 2010). "While a showing of prejudice to the moving party is not a requirement for a dismissal under Rule 37, a court may consider it in weighing the appropriateness of the sanction." *Id.*

In addition, under Fed. R. Civ. P. 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, Plaintiff failed to obey, and indeed, completely ignored, the Court's March 21, 2021 Order to respond to the discovery at issue by April 23, 2021. These failures are accompanied by Plaintiff's failure to respond to the previous motion to compel.

This failure to respond comes against the backdrop of this Court cautioning the Plaintiff that any failure to comply with the Court's order "may be grounds for the imposition of sanctions, including the dismissal of this case." ECF 18. The Court also made clear that "further failure by Plaintiff to comply with her discovery obligations may provide an independent basis for this action's involuntary dismissal, for want of prosecution by Plaintiff." *Id.*

There is no excuse for Plaintiff's noncompliance, which has been willful. *See* Exhibit A. To be sure, when Defendant's counsel reminded Plaintiff's counsel three days prior to the April 23, 2021 deadline that Defendant had yet to receive Plaintiff's responses, Plaintiff's counsel responded: "What do you feel is missing from the responses?". *Id.* Defendant's counsel then directed Plaintiff to an October 2020 letter, which set forth the deficiencies in Plaintiff's discovery responses. *Id.* Defendant's counsel also directed the Plaintiff to this Court's March 12, 2021 Order, which described in detail the deficiencies. *Id.*

Despite providing Plaintiff's counsel with these reminders, Plaintiff failed to respond by the April 23, 2021 deadline. In a good faith effort to work with Plaintiff to correct this noncompliance, Defendant's counsel informed the Plaintiff that it would give her until Wednesday, April 28, 2021, to provide the requisite responses, or it would have no choice but to seek relief from the Court. Again, despite trying to work with the Plaintiff, and giving Plaintiff some additional time, Defendant has yet to receive any responses from the Plaintiff as ordered by this Court.

Nothing in the record before this Court demonstrates that the Plaintiff was substantially justified in declining to comply with the Plaintiff's discovery obligations and the Court's order.

This case has been pending for over a year and the Plaintiff has essentially abandoned the case by failing to participate in discovery. This failure has prejudiced the Defendant and has required it to incur additional costs.

For these reasons, the Defendant respectfully requests that the Court grant this motion and dismiss Plaintiff's complaint with prejudice and award reasonable attorneys' fees and costs for expenses incurred for Plaintiff's noncompliance with her discovery obligations, together with such other and further relief as this Court may deem just and proper.

By /s/ Peter J. Murphy

Peter J. Murphy
Federal Bar No. ct26825
For Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5950
Facsimile: (860) 251-5316
pjmurphy@goodwin.com
Its Attorney

CERTIFICATION OF SERVICE

This is to certify that on May 26, 2021, a copy of the foregoing Memorandum of Law in Support of Motion for Sanctions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Peter J. Murphy
Peter J. Murphy