| | |
|---|---|
| **BRANDY SELLITTO-TAYLOR,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MCLEAN AFFILIATES, INC.,** <br><br> **Defendant.** | Case No. 3:20-cv-00162 (CSH) <br><br><br> **JUNE 21, 2021** |

# MEMORANDUM AND ORDER ON
# DEFENDANT'S MOTION FOR SANCTIONS

**HAIGHT, Senior District Judge:**

Pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure, Defendant McLean Affiliates, Inc. ("Defendant") moves to dismiss this action due to Plaintiff Brandy Sellitto-Taylor's ("Plaintiff's") continued failure to produce documents and information in response to Defendant's First Requests for Production (the "RFPs") and Defendant's First Set of Interrogatories (the "Interrogatories"), notwithstanding this Court's March 12, 2021 order, reported at 2021 WL 950323, directing Plaintiff to do so. *See* Doc. 19 ("Def.'s Mot.") at 1. Defendant additionally requests that this Court "award reasonable attorneys' fees and costs for expenses incurred for Plaintiff's non-compliance with her discovery obligations." *Id.* at 2. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

The Court assumes the Parties' familiarity with the factual circumstances of the case and the present motion, and therefore shall only briefly review them here.

Plaintiff, who formerly was a Meals on Wheels driver for Defendant, alleges that she was subject to sexual harassment by a co-worker at Defendant's Simsbury, Connecticut facility, and that human resources personnel refused to act on her complaint of such conduct. *See generally* Doc. 1. Defendant answered the Complaint on April 20, 2020, rather than moving to dismiss. *See* Doc. 11. Under the terms of the Electronic Scheduling Order entered by this Court, all discovery was to be completed by December 31, 2020. *See* Doc. 10.

Defendant timely served its RFPs and Interrogatories on Plaintiff on April 30, 2020, but Plaintiff failed to answer these discovery demands for many months thereafter, notwithstanding Defendant's repeated inquiries. 2021 WL 950323 at *1. On October 5, 2020, Plaintiff finally provided responses to the Interrogatories, but Defendant did not find these to be sufficient. *Id.* at *2. Even after Defendant sent a detailed letter to Plaintiff regarding her insufficient answers to the Interrogatories, Plaintiff provided no supplemental information of any kind. *Id.* Moreover, Plaintiff continued not to produce documents and information in response to the RFPs. *Id.* As a result, Defendant filed a motion to compel—a motion that Plaintiff never opposed. *Id.*

In my ruling on Defendant's motion, I found that "Defendant's exhibits and sworn declaration accompanying Defendant's motion amply attest that Plaintiff has not produced any documents, electronically stored information, or other materials in response to Defendant's RFPs, notwithstanding Plaintiff's belated and conclusory statement to the contrary in the Parties' status report." *Id.* at *3. I furthermore agreed with Defendant that Plaintiff's responses to many of the Interrogatories—namely, Interrogatory Nos. 3, 7–17, 20–21, and 23–24—were inadequate under Rule 33. *Id.* I therefore granted Defendant's motion in all respects, and I additionally exercised my discretion to reopen the time allowed for discovery, in order to permit the parties to resolve the fact-development issues raised by Plaintiff's failure to respond to the RFPs and

2

Interrogatories.  *Id.* at *4.  As relevant here, I directed Plaintiff to "serve full responses to Defendant's RFPs and Interrogatories, in a manner compliant with this Ruling, not later than April 23, 2021."  *Id.*

Furthermore, I cautioned the parties regarding the consequences of any failure to follow my order:

> "The Parties and counsel are directed to cooperate with one another in meeting these deadlines and completing discovery.  Any failure to do so may be grounds for the imposition of sanctions, including the dismissal of this case.  *See* Fed. R. Civ. P. 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v).  In the alternative, further failure by Plaintiff to comply with her discovery obligations may provide an independent basis for this action's involuntary dismissal, for want of prosecution by Plaintiff.  *See* Fed. R. Civ. P. 41(b); D. Conn. L. Civ. R. 41(a)."

*Id.* at *5.

Defendant nonetheless reports that Plaintiff has continued to fail to produce any materials in response to the RFPs and to provide adequate responses to the Interrogatories.

On April 20, 2021—three days before the deadline for compliance with the March 12, 2021 order—Defendant's counsel contacted Plaintiff's counsel by e-mail to remind Plaintiff's counsel that Plaintiff was due to respond to Defendant's discovery demands.  *See* Def.'s Mot. at 1; Doc. 19-1 ("Def.'s Mem.") at 4; Doc. 19-3 ("Murphy Decl.") ¶ 5.  *See also* Doc. 19-2 ("Def.'s Ex. 1") at 3 ("Pursuant to the Court's March 12, 2021 order, your client is required to serve full responses to McLean's RFPs and Interrogatories not later than April 23, 2021.  When can we expect those responses?").  Plaintiff's counsel did not respond to Defendant's counsel's message with any new materials, or even a timeline for the responses due, but rather only with a question of his own: "What do you feel is missing from the responses?"  Def.'s Mem. at 4; Murphy Decl. at ¶ 5; Def.'s Ex. 1 at 3.  Defendant's counsel replied by calling Plaintiff's counsel's attention to

the letter Defendant's counsel had sent in October 2020, which had outlined the many deficiencies in Plaintiff's interrogatory responses, as well as by directing Plaintiff's counsel to review my March 12, 2021 opinion resolving the motion to compel, which further explained in detail the deficiencies in Plaintiff's responses to the RFPs and the Interrogatories. Def.'s Mem. at 4; Murphy Decl. ¶ 5; Def.'s Ex. 1 at 2.

Plaintiff's counsel did not respond to this e-mail, nor did Plaintiff provide responses to the RFPs and Interrogatories by the April 23, 2021 deadline. *See* Murphy Decl. ¶ 6; Def.'s Ex. 1 at 2. On April 26, 2021, Defendant's counsel therefore wrote again to Plaintiff's counsel, noting Plaintiff's failure to meet the Court's deadline, and demanding that responses to the RFPs and Interrogatories be served not later than April 28, 2021. Def.'s Mem. at 4; Murphy Decl. ¶ 7; Def.'s Ex. 1 at 2. Defendant's counsel warned that if no responses were received, Defendant would seek this Court's intervention. *Id.* Nonetheless, no responses were received by April 28, 2021, nor indeed at any time thereafter. Def.'s Mem. at 4; Murphy Decl. ¶¶ 8–9. Defendant duly filed its motion for sanctions on May 26, 2021. Def.'s Mot. at 1.

## LEGAL STANDARD AND DISCUSSION

In our system of civil justice, fair resolution of legal disputes depends upon party-adversaries' following all applicable rules and orders of the Court. The system works best—and justice is most productive—when adherence to these rules and orders is undertaken voluntarily by parties. Recognizing that parties may nevertheless fail to cooperate with one another and the Court, however, the Federal Rules contemplate the imposition of sanctions when compliance cannot be obtained. *See, e.g.*, Fed. R. Civ. P. 11(c), Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37, Fed. R. Civ. P. 41(b).

Rule 37 provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under . . . [Rule] 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Among the orders permitted by the rule is an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Although dismissal may seem an especially punitive measure, our Supreme Court has recognized that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). *See also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) ("[A]lthough preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent 'rather than a paper tiger.'" (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979))).

The Second Circuit has counseled that "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and citation omitted). Besides evidence of willfulness, bad faith, or fault, the Court additionally may consider "the efficacy of lesser sanctions," "the duration of the period of noncompliance," and "whether the non-compliant party had been warned of the consequences of noncompliance," but "these factors are not exclusive, and they need not each be resolved against the party . . . for [the appellate court] to conclude that those

5

sanctions were within the [district] court's discretion." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks and citations omitted). Ultimately, whether the Court chooses to administer the bitter pill of dismissal or a different sanction to a party who has defied a discovery order is a matter within the Court's discretion. *See, e.g.*, *Funk v. Belneftekhim*, 861 F.3d 354, 365 (2d Cir. 2017) ("We accord deferential review to a district court's imposition of Rule 37 discovery sanctions, and we will reverse only for abuse of discretion, which we will not identify absent an error of law, a clearly erroneous finding of fact, or a decision that cannot be located within the range of permissible options available to the district court." (citation omitted)); *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) ("[W]hen reviewing a district court's imposition of a sanction, the question is not whether this court, as an original matter, would have applied the same sanction, but whether the district court abused its discretion." (citations omitted)).

Furthermore, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Court generally is to consider five factors in determining whether to grant a Rule 41(b) dismissal with prejudice: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)). No

individual factor is dispositive, and the Court's analysis again is reviewed only for abuse of discretion. *Id.* (citing *Nita v. Conn. Dep't of Env't. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994) and *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

In the case at the bar, the Court finds that dismissal of this action under both Rule 37(b) and Rule 41(b) to be appropriate and—indeed—necessary. As reflected in the record and my prior opinion, Plaintiff and her counsel never responded to the RFPs, despite multiple entreaties by Defendant and generous extensions of time to do so. 2021 WL 950323 at *1–*2. Plaintiff continued not to respond to the RFPs once Defendant moved to compel—indeed, she never bothered to respond directly to that motion at all. *Id.* at *2. Plaintiff also did not respond to the RFPs even after a voluntary deposition revealed that responsive documents likely existed. *Id.* Plaintiff now has failed to respond to the RFPs even after I considered the record and the relevant authorities and ordered her to do so, in an opinion that was clear and direct in its discussion and prescription. *See supra.* The story is similar with respect to the Interrogatories: Plaintiff did not respond to the Interrogatories for months on end, before belatedly delivering partial and incomplete answers, which Defendant tried to have enriched voluntarily, to no avail. 2021 WL 950323 at *1–*2. In response to Defendant's petition, I reviewed Plaintiff's answers and found them not to satisfy the minimum standard required by the Federal Rules and directed that a revised submission be made. *Id.* at *3. Even in light of my explication and order, Plaintiff still has not bothered to provide new responses to the Interrogatories that clear the threshold for acceptance. *See supra.* Put simply, even after months of effort by both Defendant and the Court, Plaintiff has been and remains inert.

By the time Defendant filed the present motion for sanctions, Plaintiff's responses to the RFPs and the Interrogatories were a year overdue—a delay that the Court finds unacceptably

7

tardy, especially where, as here, Plaintiff and her counsel have offered no substantial reason therefor. In so delaying, in such wholesale fashion, even in the face of the March 12, 2021 order, Plaintiff has prevented Defendant from developing an adequate factual record regarding her claims, thereby hampering Defendant's ability either to move for or defend against summary judgment, as well as to prepare for any eventual trial on the merits or to engage in productive settlement discussions. Plaintiff undoubtedly also has caused Defendant to incur appreciable, unnecessary expenses by forcing Defendant's counsel to expend time on repeated, fruitless outreach to Plaintiff's counsel and on preparing the prior motion to compel and the instant motion for sanctions. Moreover, by "flouting" the applicable Federal Rules and the order of this Court, Plaintiff has "embroil[ed the trial judge] in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1068.

Unlike Defendant's motion to compel, Plaintiff has responded—in at least brief fashion—to Defendant's papers here. *See generally* Doc. 20 ("Pl.'s Mot."), Doc. 20-1 ("Pl.'s Mem."). Plaintiff asserts that "Plaintiff has fully complied with all discovery requests and orders." Pl.'s Mot. at 1. Plaintiff further states that "On October 3, 2020, the Plaintiff provided Answers to Interrogatories and Requests for Production. On Wednesday, January 13, 2021, the Plaintiff was deposed by Attorney Peter Murphy for over two three and one-half hours." Pl.'s Mem at 1. Plaintiff also offers that "Plaintiff is willing to be deposed again and will provide any document in her possession that is responsive to any specific request by the Defendant." *Id.* Plaintiff maintains that she therefore should be subject to any sanction. *Id.* at 2.

The Court cannot credit Plaintiff's claim that she has responded to the RFPs, where all other evidence in the record is to the contrary, and thus she never has fulfilled her obligations

under Rule 34, much less her obligations under my order. In addition, I already have found that the responses to the Interrogatories were not sufficient, and that Plaintiff therefore was not in compliance with her obligations under Rule 33 even in October 2020; indeed, the fact that Plaintiff supplied anything *before* my order does nothing to offset the fact that Defendant's submissions make plain that she has wholly failed to supplement her responses *as I explicitly directed her to do in the order*.

Furthermore, even though Plaintiff sat for a deposition voluntarily, that fact also does not mitigate the effects of her non-compliance with her otherwise unfulfilled obligations under Rules 33 and 34 and her non-compliance with my March 12, 2021 order. That Plaintiff has provided *some* form of discovery does not mean sanctions cannot or should not apply. In fact, the meager discovery she has supplied demonstrates that sanctions *should* apply: as I noted in the March 12, 2021 order, Defendant has represented to this Court that "[i]n her deposition, Plaintiff confirmed that she has documents that are responsive to the requests for production." 2021 WL 950323 at *2. Plaintiff has never put forward any evidence contesting or refuting this representation, and indeed her present opposition confirms it, since Plaintiff states that she "will provide any document in her possession that is responsive to any specific request." Pl.'s Mem. at 1. If, as thereby admitted, relevant documents exist, those documents should have been produced to Defendant long ago, without the Court's needing to intervene at all.

Indeed, the Court finds Plaintiff's statement that she "is willing to be deposed again and will provide any document in her possession that is responsive to any specific request by the Defendant," *id.*, to be an invitation to further frustration and waste of time and resources. Effective depositions ordinarily require *first* the production of documents and information in response to requests for production, if not also responses to interrogatories. To the extent not

already reflected in my March 12, 2021 opinion, I find that the RFPs Plaintiff received last year more than sufficiently specific to elicit productions that could inform a deposition. *See generally* Doc. 13-3. Defendant should not now, after so much time, have to formulate new and different requests from the *thirty* that it already has served, and no deposition Plaintiff might give at the present time could possibly prove useful without Defendant first receiving responses to the outstanding RFPs. Much the same could be said with respect to Plaintiff's insufficient responses to the Interrogatories, so the Court will not belabor the point.

I have considered the other sanctions available under Rule 37 and determined that none would be availing here. Staying proceedings would only increase the prejudice to Defendant. Meanwhile, directing that certain facts be taken as established, or prohibiting Plaintiff from supporting or opposing designated claims or defenses, or striking parts of Plaintiff's pleadings all would amount to virtually the same sanction as dismissal, given the broad nature of Plaintiff's failure to fulfill her discovery obligations.

In sum, I find that Plaintiff's failure to adhere to the March 12, 2021 order, and continuing failure to respond appropriately to the RFPs and Interrogatories, has been willful, and that Plaintiff is at fault for the extraordinary delay of this simple case and for depriving Defendant of a fair opportunity to investigate and defend against her claims. *See Lee v. Conn. Dep't of Child.*, No. 3:11-cv-01910 (AWT), 2015 WL 12991321, at *5 (D. Conn. Sept. 30, 2015), *aff'd sub nom. Lee v. Katz*, 669 F. App'x 57 (2d Cir. 2016) ("[N]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." (internal quotation marks and citations omitted)). I further find that all of the factors relevant to Rule 41(b) analysis are satisfied in Defendant's favor. The present situation fairly may be described

as extreme, and dismissal of the action with prejudice is the only appropriate outcome. Having explicitly warned Plaintiff that this could be the consequence of any failure to adhere to the March 12, 2021 order, Plaintiff cannot complain that she has not been on notice of the consequences of her stubborn inaction.

Besides the sanction of dismissal, Rule 37 provides that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Here, the Court finds that this additional, monetary sanction required by the rule should be imposed on Plaintiff's counsel, Attorney Daniel H. Kryzanski ("Attorney Kryzanski"). Based on Attorney Kryzanski's response to Defendant's counsel's inquiry on April 20, 2021—"What do you feel is missing from the responses?"—it would appear that Attorney Kryzanski never even read the March 12, 2021 order, much less considered Defendant's own correspondence on the subject. No circumstances put forth in Plaintiff's submission here make the failure to comply with the March 12, 2021 order justifiable, and the Court has no reason to believe that making Attorney Kryzanski pay would be unjust. Accordingly, there is no basis for the Court to depart from the command of the rule.

## CONCLUSION AND ORDERS

For the reasons set forth above, the Court determines that sanctions on Plaintiff and her counsel should be imposed. Plaintiff and Plaintiff's counsel have flagrantly violated this Court's direct, simple, and unequivocal order to respond to Defendant's RFPs and Interrogatories—responses which Defendant was entitled to receive under the Federal Rules over a year ago. The Court will not tolerate dilatory discovery practices that undermine the effective functioning of

civil litigation, thereby turning the Court into an ongoing discovery manager and hampering the parties' and the Court's ability to consider all reasonably available facts in service of resolving claims on the merits.

Plaintiff and her counsel's violation of my order fundamentally demonstrates a severe lack of respect for the institution of the Court. Federal Courts, such as this one, are finite resources for the resolution of legal claims, not infinitely available advisory services that can be engaged or ignored as and when it may be convenient to do so. Counsel, as an officer of the Court, should be particularly aware of the need to obey the Court's directions.

Accordingly, the Court makes the following orders:

1) All claims asserted by Plaintiff are DISMISSED WITH PREJUDICE, for failure to comply with the Court's March 12, 2021 order and for failure to prosecute this action. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b).

2) Plaintiff's counsel—Attorney Kryzanski—shall pay a MONETARY SANCTION, for failure to comply with the Court's March 12, 2021 order. Fed. R. Civ. P. 37(b)(2)(C). Attorney Kryzanski shall pay to the reasonable attorneys' fees and costs incurred by Defendant in bringing the instant motion for sanctions.

3) Plaintiff and Attorney Kryzanski each shall submit to the Court an affidavit that each has read the foregoing opinion in full. These affidavits shall be filed not later than **seven (7) days** after the entry of this memorandum and order.

4) Defendant is directed to file an affidavit with the Court reflecting the attorneys' fees and costs Defendant incurred in bringing the instant motion for sanctions, those fees and costs being the results of Plaintiff's failure. If Defendant wishes to press its claim for attorneys' fees and costs, the supporting affidavit must include "contemporaneous time

records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Defendant shall file this affidavit and the supporting records not later than **fourteen (14) days** after the entry of this memorandum and order. Following the filing of this affidavit and the relevant records, the Court shall determine the amount of the monetary sanction imposed on Attorney Kryzanski, which shall be paid to Defendant.

**It is SO ORDERED**.

Dated:     New Haven, Connecticut
           June 21, 2021

                                                            *s/ Charles S. Haight, Jr.*
                                                            CHARLES S. HAIGHT, JR.
                                                            Senior United States District Judge