UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**BRANDY SELLITTO-TAYLOR,**

**Plaintiff,**

v.

**MCLEAN AFFILIATES, INC.,**

**Defendant.**

Case No. 3:20-cv-00162 (CSH)

**MARCH 14, 2022**

## ORDER AWARDING MONETARY SANCTION TO DEFENDANT'S COUNSEL

**HAIGHT, Senior District Judge:**

In a memorandum and order dated June 21, 2021 (the "June Order"), this Court found that Plaintiff's action should be dismissed with prejudice due to Plaintiff's failure to comply with her discovery obligations under the Federal Rules of Civil Procedure and with the Court's March 12, 2021 order resolving Defendant's motion to compel (the "March Order"). *See generally* Doc. 22. The Court further found that Rule 37(b) of the Federal Rules of Civil Procedure required Plaintiff's counsel, Attorney Daniel Kryzanski, to pay a monetary sanction for his failure to comply with the March Order. *Id.* at 11. To establish the amount of Attorney Kryzanski's monetary sanction, the Court ordered Defendant "to file an affidavit with the Court reflecting the attorneys' fees and costs Defendant incurred in bringing the instant motion for sanctions," including "contemporaneous time records" as required by *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Doc. 22. at 12–13. On July 5, 2021, Defendant duly filed an affidavit that recited the relevant attorneys' hourly fees, as well as a copy of the invoice Defendant received setting forth the hours expended and tasks performed to bring the motion for sanctions. *See generally* Docs. 26, 26-1.

Plaintiff moved for the Court to reconsider the June Order, which motion the Court denied. *See* Docs. 24–25. Plaintiff then filed a notice of appeal, Doc. 27, which deprived the Court of jurisdiction to consider the amount that Plaintiff's counsel must pay to Defendant as his sanction. On November 29, 2021, the mandate of the Court of Appeals was returned, reflecting the dismissal of Plaintiff's appeal by the Second Circuit for Plaintiff's failure to timely file all papers necessary to pursue the matter in that court. *See* Doc. 32. With jurisdiction having been restored to this Court, the Court now shall consider the amount of Defendant's attorneys' fees and costs that should be assessed as a sanction against Attorney Kryzanski, pursuant to the June Order.

As noted in the June Order, district courts, like this Court, "must order" a party who has failed to obey a discovery order by the Court, or "the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). *See* Doc. 22 at 11. Like other Rule 37 sanctions, the award of attorney's fees serves multiple purposes, including "ensur[ing] that a party will not benefit from its own failure to comply," acting as a "specific deterrent[] . . . to obtain compliance with the particular order issued," and (perhaps most relevant here) "serv[ing] a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). The Second Circuit affords district courts "broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case." *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019) (footnote omitted). "However, this discretion is not unfettered, and when a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural requirements for

2

calculating those fees articulated by [the Court of Appeals] and the Supreme Court." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

As directed by the Second Circuit and the Supreme Court, in this Court "[a]n award of attorney's fees pursuant to Rule 37 is calculated 'according to the lodestar formula, in which the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area.'" *Friedman v. SThree PLC.*, No. 3:14CV00378(AWT), 2017 WL 4082678, at *3 (D. Conn. Sept. 15, 2017) (quoting *Bowne of N.Y.C., Inc. v. AmBase Corp.*, 161 F.R.D. 258, 266 (S.D.N.Y. 1995)); *see also Perez v. Lasership, Inc.*, No. 3:15-MC-00031 (CSH), 2015 WL 11109330, at *7 (D. Conn. Sept. 18, 2015) (in determining a presumptively reasonable fee award, "the Court is required to conduct a lodestar analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate" (quotation marks and citation omitted)). "Although there is a strong presumption that the lodestar figure represents a reasonable fee, the district court may, in its discretion, adjust the lodestar based on a variety of factors, but[] must state its reasons for doing so as specifically as possible." *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-01897 (CSH), 2017 WL 1399630, at *2 (D. Conn. Apr. 18, 2017) (quotation marks and citation omitted).

In the case at bar, Defendant's affidavit and accompanying exhibit reflect that two attorneys from the firm of Shipman & Goodwin LLP participated in bringing the motion for sanctions. Attorney Tyler Bischoff, an associate of the firm, expended 3.5 hours on matters related to the motion, including preparing the initial draft of the motion, at a rate of $275 per hour. Doc. 26 at 3; Doc. 26-1 at 1. Attorney Peter Murphy, a partner at the firm, spent an additional 2 hours on matters related to the motion, including editing Bischoff's work and communicating with the client, at a rate of $325 per hour. Doc. 26 at 3; Doc. 26-1 at 1. Bischoff's and Murphy's hourly

3

rates are reasonable considering the attorneys' experience: Murphy joined the firm in September 2005, and Bischoff in August 2019, both after completing judicial clerkships. *See* Doc. 26 at 1–2. Moreover, their hourly rates are well within the range of rates that previously have been awarded in this District. *See, e.g.*, *Dubois v. Maritimo Offshore Pty Ltd.*, 422 F. Supp. 3d 545, 563 (D. Conn. 2019) (finding attorneys' fee rate of $350 per hour "reasonable in light of the market and the attorneys' relevant experience, as well as the complexity of this case"); *see also, e.g.*, *Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:18-CV-00260 (KAD), 2021 WL 1123848, at *1 (D. Conn. Mar. 24, 2021) (finding attorneys' rates ranging from $350 to $625 per hour to be reasonable); *NCA Invs. Liquidating Tr. v. Kelly*, No. 3:16-CV-156 (VAB), 2020 WL 8083666, at *3 (D. Conn. Apr. 20, 2020) (finding attorneys' rates of $275 and $500 per hour to be reasonable). Furthermore, in the Court's experience, the total time of 5.5 hours spent by counsel in bringing the motion for sanctions was reasonable, and the Court perceives no reason to increase or decrease the total amount charged by counsel as their fee—i.e., $1,612.50. Accordingly, the Court finds that the $1,612.50 in attorneys' fees claimed by Defendant as the amount of Plaintiff's counsel's sanction are warranted under the lodestar analysis.

In light of the foregoing, as well as the Court's June Order, Attorney Kryzanski is directed to pay Defendant's counsel the sum of **$1,612.50**. Attorney Kryzanski and Defendant's counsel shall file an affidavit within **21 days** of this order confirming that this sanction has been paid in full. Attorney Kryzanski's failure to timely pay the sanctions may result in the imposition of additional sanctions, on appropriate motion by Defendant.

The Clerk is directed to close the file and terminate these proceedings. The Court retains jurisdiction for the purpose of enforcing this order.

It is SO ORDERED.

Dated:  New Haven, CT
        March 14, 2022

                                              */s/ Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge